IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BUTLER, P84515, ) | |
| ) | |
| Plaintiff(s), ) | No. C 14-4136 CRB (PR) |
| ) | |
| v. ) | ORDER OF SERVICE |
| ) | |
| EDMOND G. BROWN, JR., et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on October 12, 2013 Correctional Officer J. Rodriguez used excessive force against him by spraying him with pepper spray in his cell without provocation. Plaintiff further alleges that after he was treated at Natividad Medical Center, he was returned to his contaminated cell and his requests to be moved to a clean and uncontaminated cell were denied/ignored by Sgt. G. Garcia and Lt. G. Salazar.

Plaintiff also alleges that his administrative appeals were not properly processed and that prison officials filed false charges against him.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Liberally construed, plaintiff's allegations that Correctional Officer J. Rodriguez sprayed him with pepper spray in his cell without provocation state a cognizable § 1983 claim for damages against Rodriguez for use of excessive force in violation of the Eighth Amendment. See Furnace v. Sullivan, 705 F.3d 1021, 1027 (9th Cir. 2013) (emptying pepper spray canisters on prisoner after he put his hands on cell's food port opening raised a disputed issue of material fact regarding malicious and sadistic use of force). And liberally construed, plaintiff's allegations that Sgt. G. Garcia and Lt. G. Salazar denied/ignored his request to be moved to a clean and uncontaminated cell state a cognizable § 1983 claim for damages against Garcia and Salazar for deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain asbestos without protective gear demonstrated deliberate indifference to health and safety). These two claims accordingly will be ordered served on Rodriguez and on Garcia and Salazar.

But plaintiff's allegations that his administrative appeals were not properly processed and that prison officials filed false charges against him (as well as the corresponding defendants) are dismissed under the authority of § 1915A because it is well established that there is no constitutional right to a prison administrative appeal system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), or to guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest, see Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at SVSP: Correctional Officer J. Rodriguez, Sgt. G. Garcia and Lt. G. Salazar. All other defendants are dismissed. The clerk also shall serve a copy of this order on plaintiff.

2.  In order to expedite the resolution of this case, the court orders as follows:

    a.  No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods

1  v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand
2  v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with
3  motion for summary judgment).  A motion to dismiss for failure to exhaust
4  available administrative remedies (where such a motion, rather than a motion for
5  summary judgment for failure to exhaust, is appropriate) must be accompanied
6  by a similar notice.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012);
7  Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315
8  F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747
9  F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with
10 motion to dismiss for failure to exhaust available administrative remedies).

11         If defendants are of the opinion that this case cannot be resolved by
12 summary judgment or other dispositive motion, they shall so inform the court
13 prior to the date their motion is due.  All papers filed with the court shall be
14 served promptly on plaintiff.

15              b.     Plaintiff must serve and file an opposition or statement of
16 non-opposition to the dispositive motion not more than 28 days after the motion
17 is served and filed.

18              c.     Plaintiff is advised that a motion for summary judgment
19 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
20 case. Rule 56 tells you what you must do in order to oppose a motion for
21 summary judgment.  Generally, summary judgment must be granted when there
22 is no genuine issue of material fact – that is, if there is no real dispute about any
23 fact that would affect the result of your case, the party who asked for summary
24 judgment is entitled to judgment as a matter of law, which will end your case.
25 When a party you are suing makes a motion for summary judgment that is
26 properly supported by declarations (or other sworn testimony), you cannot simply
27
28                                         4

rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. <u>Stratton</u>, 697 F.3d at 1008-09.

(The <u>Rand</u> and <u>Wyatt/Stratton</u> notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for

1  failure to exhaust available administrative remedies and motions for summary
2  judgment.  <u>Woods</u>, 684 F.3d at 935.)
3          d.     Defendants must serve and file a reply to an opposition not
4  more than 14 days after the opposition is served and filed.
5          e.     The motion shall be deemed submitted as of the date the
6  reply is due.  No hearing will be held on the motion unless the court so orders at a
7  later date.
8     3.     Discovery may be taken in accordance with the Federal Rules of
9  Civil Procedure.  No further court order under Federal Rule of Civil Procedure
10 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.
11    4.     All communications by plaintiff with the court must be served on
12 defendants, or defendants' counsel once counsel has been designated, by mailing
13 a true copy of the document to defendants or defendants' counsel.
14    5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must
15 keep the court and all parties informed of any change of address and must comply
16 with the court's orders in a timely fashion.  Failure to do so may result in the
17 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
18 SO ORDERED.
19 DATED: <u>February 24, 2015</u>
20                                       CHARLES R. BREYER
                                      United States District Judge

N:\Butler, A.14-4136.serve.wpd

6