IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BUTLER, P84515,<br><br>    Plaintiff(s),<br><br>  v.<br><br>EDMOND G. BROWN, JR., et al.,<br><br>    Defendant(s). | No. C 14-4136 CRB (PR)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT APPOINT COUNSEL FOR PLAINTIFF |

      While plaintiff was incarcerated at Salinas Valley State Prison (SVSP), he filed the instant pro se prisoner action for damages under 42 U.S.C. § 1983 alleging that on October 12, 2013 Correctional Officer J. Rodriguez sprayed him with pepper spray in his cell without provocation and, after plaintiff was treated at the local medical center and returned to his contaminated cell, Sgt. G. Garcia and Lt. G. Salazar denied/ignored his requests to be moved to a clean and uncontaminated cell.

      On February 24, 2015, the court found that, liberally construed, plaintiff's allegations state a cognizable § 1983 claim for damages against Rodriguez for use of excessive force in violation of the Eighth Amendment and a cognizable § 1983 claim for damages against Garcia and Salazar for deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment, and ordered the U.S. Marshal to serve these three defendants. The court denied plaintiff's subsequent motion for appointment of counsel for lack of exceptional circumstances.

On July 27, 2015, defendants filed a motion for summary judgment and dismissal of plaintiff's cognizable § 1983 claims. Plaintiff responded by renewing his motion for appointment of counsel on the grounds that he is mentally ill and awaiting transfer to Atascadero State Hospital.

On September 25, 2015, the court denied plaintiff's renewed motion for appointment of counsel. The court explained that "[p]laintiff clearly presented his claims for relief in his complaint and an order of service issued. He also has communicated effectively with the court, albeit with the assistance of other inmates. Plaintiff should be able to continue to do so even if he is transferred to another institution." Dkt. #32 at 1. Plaintiff was granted an extension of time to file an opposition to defendants' motion by no later than November 6, 2015.

But plaintiff instead has filed a motion to stay all proceedings pending a competency hearing. In support, he submits evidence showing that he was committed to Atascadero State Hospital based on a diagnosis of schizoaffective disorder, bipolar type, and points out that he was deemed mentally ill and appointed counsel in his federal habeas corpus proceedings in the Central District of California. Plaintiff also claims that "obtaining any assistance of other inmates and patients" at Atascadero State Hospital is not possible. Dkt. #38 at 2.

Under the law of the circuit, "when a substantial question exists regarding the competence of an unrepresented party the court may not dismiss with prejudice for failure to comply with an order of the court." Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989). The court instead should (1) conduct a hearing to determine whether the party is competent and appoint a guardian ad litem if the party is not competent, or (2) appoint a lawyer to represent the party if the party's interests would be adequately protected by the appointment of a lawyer. Id.

2

Under the circumstances, the court proposes appointing a lawyer to represent plaintiff pro bono in this § 1983 prisoner action for damages because it appears that plaintiff's interests would be adequately protected by the appointment of a lawyer without proceeding with a competency determination. <u>See</u> <u>id.</u> (appointment of a lawyer may obviate competency determination). Good cause appearing therefor, within fourteen (14) days of this order, the parties shall show cause why the court should not appoint counsel for plaintiff as proposed, or otherwise indicate that appointment of counsel for plaintiff as proposed is in order.

SO ORDERED.

DATED: 12/28/2015

CHARLES R. BREYER
United States District Judge

N:\Dec.2015\CRB\Butler, A.14-4136.osc_csl.wpd

3